IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAMAR HARDWARE & LUMBER, LLC, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF & PETITION FOR REMOVAL** |
| | ) | |
| PEERLESS INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:

YOU WILL PLEASE TAKE NOTICE that the Defendant, Peerless Indemnity Insurance Company, ("Defendant"), does hereby invoke the removal jurisdiction of the United States District Court for the District of South Carolina on the following grounds:

**FIRST:**   On or about August 29, 2014, the Plaintiff named above filed a civil action against the above captioned Defendant in the Circuit Court of Darlington County, South Carolina, as Case No. 2014-CP-16-0721. The Defendant was thereafter served on September 8, 2014. The Defendant now files and presents this Notice of Removal within thirty (30) days after receipt by the Defendant of the filed Summons and Complaint as required by 28 U.S.C. § 1446.

**SECOND:**   This action is removable to the United States District Court based upon 28 U.S.C. § 1441. The Defendant is informed and believe that the above described action is a civil action over which this Court has jurisdiction by way of diversity pursuant to 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy upon information and belief exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and is one which

-1-

may be removed to this Court by the Defendant pursuant to 28 U.S.C. § 1441.  This Court has supplemental jurisdiction over all claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1367.

The Plaintiffs' Complaint does not seek to limit its damages below the jurisdictional threshold.  In fact, Plaintiff's Complaint states that "the Plaintiff has suffered damages to its buildings and the contents therein, including all other coverage provided for under the policy, in excess of Seven hundred twenty-two thousand ($722,000.00) dollars."  Compl. at ¶ 9.  The lawsuit asserts two causes of action, to wit: 1) breach of contract; and 2) bad faith.  It is evident from the face of the Complaint that the amount in controversy is satisfied.  Given the language the Complaint, it cannot be said to a "legal certainty" that the amount in controversy is less than $75,000.00, thus, making this matter removable.  Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981).  Punitive damages, when sought, must be considered in determining the amount in controversy.  Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).[1]  Further, attorneys fees, when recoverable, may be included as consideration for the amount in controversy.  Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723-24 (5th Cir. 2002); Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001); Momin v. Maggiemoo's International, LLC, 205 F. Supp.2d 506 (D. Md. 2012)(noting the Fourth Circuit has not "articulated the precise standard to be applied").  Here, while the Defendant may dispute whether attorneys fees are recoverable, they are nonetheless plead as recoverable.  Further, actions by the Plaintiff, if any, post removal do not divest the Court of jurisdiction.  St. Paul Mercury Indemnity Co, v. Red Cab Co., 303 U.S. 283 (1938).

---

[1] It has been noted by Judge Shedd, that "the plaintiff's bar rarely seeks less than ten times damages for punitive damages.  It is also not uncommon for juries to award punitive damages of more than ten times damages. . . ."  Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp.2d 530, 532 (D.S.C. 1999).

-2-

**THIRD:** Copies of all process, pleadings and orders served upon the Defendant in this action are attached hereto collectively as Exhibit A and are incorporated herein by reference.

**FOURTH:** Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendant's right to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

**FIFTH:** Pursuant to 28 U.S.C. § 1446(b), this Notice of and Petition for Removal is being filed within one (1) year after the date of the commencement of the original action.

**SIXTH:** The Defendant is providing the Clerk of Court from which this action was removed with a copy of this Notice of and Petition for Removal.

WHEREFORE, the Defendant prays that this Honorable Court accept this Notice of and Petition for Removal and hereby undertake jurisdiction in the above-entitled cause of action now pending in the Court of Common Pleas for the County of Darlington, State of South Carolina, that the same be removed to this Honorable Court and that all proceedings in said case in the Court of Common Pleas for the County of Darlington, State of South Carolina, be stayed.

Dated this  6th  of October, 2014.

WALL TEMPLETON & HALDRUP, P.A.

s/ Morgan S. Templeton
Morgan S. Templeton  (Fed ID # 7187)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500
Attorneys for Defendant